RICHARD OTTOW, Commissioner Credit Unions
You have asked whether credit unions may sell insurance in addition to credit life insurance or credit accident and sickness insurance.
Section 186.36, Stats., provides: "Any agent who is an officer or employe of a credit union may pay the whole or any part of his commissions from the sale of credit life insurance or credit accident and sickness insurance to the credit union."
Although this statute relates specifically only to fee-splitting and to sales of credit life and credit accident and sickness insurance, in my opinion it is intended to limit the kind of insurance that may be sold by an officer, director or employe of a credit union. The statute is titled "Sale of insurance in credit unions," and the titles of statutes may properly be considered in giving them meaning. See Pure MilkProducts Coop v. NFO, 64 Wis.2d 241, 253, 218 N.W.2d 564 (1974). Two additional considerations foreclose the possibility that this statute is silent as to whether other forms of insurance can be sold in connection with credit union activity.
First, parsing the permissible fee-splitting from the permissible sales is extremely difficult as a practical matter. Indeed, the administrative rules require an employe licensed to sell insurance to give all commissions to the credit union in order to avoid a conflict of interest. Secs. CU 58.01 and CU 58.02 Wis. Adm. Code. Because fee-splitting and the authority to sell operate so closely in tandem, it is most unlikely the Legislature in section 186.36 meant to address fee-splitting in one kind of insurance sale but to leave the sale of other insurance unregulated.
Second, at the time this statute was enacted, the law banned fee-splitting between credit unions and licensed intermediaries in all insurance sales, although banks and others were excepted from this ban. See sec. 201.53(4) and (5), Stats. (1969). Section186.36, created *Page 59 
by chapter 318, Laws of 1969, added another exception to the fee-splitting ban, but was limited to credit life and credit accident and sickness insurance. See ch. 243, sec. 63, Laws of 1973.
At the time of passage, therefore, the legislative intent was to enable credit unions to receive commissions only from the sale of credit life and credit accident and sickness insurance. I am aware that subsequently the Legislature relaxed its restrictions on who must be licensed and therefore who may participate in fee-splitting in insurance sales generally. See, e.g., ch. 38, Laws of 1981. But legislative intent is an historic fact to be determined at a point in time, see Berns v. Wisconsin EmploymentRelations Comm., 99 Wis.2d 252, 265, 299 N.W.2d 248 (1980), and in this case the controlling time is the date section 186.36 was enacted. This statute, then, limits credit unions to credit life and credit accident and sickness insurance.
I am unaware of any other enactments that broaden the restrictive scope of section 186.36. Section 186.113(10) created by chapter 193, section 24, Laws of 1971, provides that a credit union has "all powers necessary and proper" to carry out its purposes. In my view, such general language is insufficient to effectively repeal the specific restraints implicit in section186.36. Moreover, the supreme court refused to permit general concepts favoring business competition and the trends toward flexibility among the financial institutions to overturn specific legislative restrictions. In holding that savings and loan associations could not offer NOW accounts, the court said that even if the result is "unduly restrictive and retrogressive, statutory barriers to the continued expansion of commercial practices must be removed by the legislature." Wis. Bankers Ass'nv. Mut. Savings Loan, 96 Wis.2d 438, 454, 291 N.W.2d 869
(1981).
In considering whether the restrictive terms of section 186.36
are overcome by any other legislation, I also have reviewed section 186.012(4) which empowers you, upon approval of the credit union review board, to authorize credit unions to exercise any right enjoyed by federally chartered credit unions under federal law. I have construed this statute as designed to promote federal-state parity so long as it "is not a change in fundamental legislative policy." 71 Op. Att'y Gen. 195, 199 (1982). Inasmuch as section 186.36 constitutes a basic legislative policy to restrict credit unions to involvement with the sale of credit life and credit accident and sickness insurance, the federal-state parity provision cannot be treated as *Page 60 
authorization to engage in the sale of other forms of insurance even if federally chartered credit unions may do so under federal law. This kind of change must come from the Legislature itself, not from the commissioner or the credit union review board. SeeWis. Bankers Ass'n.
Accordingly, in my opinion credit unions have no authority to engage in the sale of insurance other than credit life and credit accident and sickness insurance.
BCL:CDH